■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL WALSH, Appellant.—Judgment, Supreme Court, New York County (John A.K. Bradley, J.), rendered March 26, 1990, convicting defendant of burglary in the second degree, attempted burglary in the second degree, criminal impersonation in the second degree, and criminal possession of a weapon in the fourth degree, and sentencing him to indeterminate terms of incarceration of 12 years to life, 8 years to life, 6 months, and 15 days, respectively, unanimously affirmed.

On February 1, 1988, at 41 St. Nicholas Terrace in Manhattan, after the complainant observed defendant on her fire

escape defendant claimed that he was an undercover police officer. The complainant left for work without incident. On February 4, the complainant again observed defendant on her fire escape. This time, she called the building superintendent, who ventured to the roof and observed defendant placing his hand through the open window, into the apartment, in an attempt to open the window gate.

The court charged that a "dwelling" included "areas * * * affixed to the dwelling". Since the court did not charge the jury that the fire escape was not part of the dwelling, defendant argues that the charge as given might conceivably have led the jury to conclude that defendant's presence on the fire escape was in itself sufficient to constitute entry into a dwelling.

However, the error, if any, is unpreserved for appellate review. Consideration in the interest of justice is not warranted in view of the remoteness of the likelihood of prejudice, and the overwhelming evidence of defendant's guilt. Nor did the trial court abuse its discretion, in permitting the People to elicit, for the first time, on re-direct, that defendant had placed his hand into the dwelling *(People v Olsen,* 34 NY2d 349). Similarly, we find no abuse of discretion in the sentence imposed. Concur—Murphy, P. J., Rosenberger, Ellerin, Kassal and Rubin, JJ.